UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY STEVEN DANIEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 15-3397 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I.   SUMMARY

On May 6, 2015, Gary Steven Daniel ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 7, 2015 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Limited Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 9, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 16, 168, 173). Plaintiff asserted that he became disabled on June 30, 2007, due to depression, anxiety, carpal tunnel syndrome (right hand), allergies, femoral hernia, and stress. (AR 191).

### A. Pre-Remand Administrative Hearing

On May 9, 2013, a prior Administrative Law Judge ("First ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert ("Pre-Remand Hearing"). (AR 36-73). At the Pre-Remand Hearing, the vocational expert testified that plaintiff had past relevant work as a shuttle bus driver (DOT § 913.663-018; semi-skilled, medium exertional level, specific vocational preparation ("SVP") Level of 3) through which plaintiff had acquired transferrable skills of "driving" and "keeping minimal records." (AR 62, 64-65, 253). The vocational expert also testified, in response to the First ALJ's hypothetical question, that plaintiff – or a hypothetical person with the same age, education, vocational background, and residual functional capacity as plaintiff – could still perform the representative jobs of car rental deliverer (light, semi-skilled, SVP Level 3) (DOT § 919.663-010) and mobile lounge driver (light, semi-skilled, SVP Level 3) (DOT § 913.663-014), which required the transferrable skills acquired in plaintiff's past relevant work but no additional skills. (AR 20, 64-68, 253).

///
///

### B.   Pre-Remand Administrative Decision

On May 31, 2013, the First ALJ denied plaintiff's applications for benefits ("Pre-Remand Decision") based, in pertinent part, on findings that (1) plaintiff suffered from two severe impairments – chronic obstructive pulmonary disease (COPD)/chronic bronchitis, and possible right-sided carpal tunnel syndrome (AR 18); (2) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with multiple additional limitations[1] (AR 20); (3) plaintiff's allegations regarding the intensity, persistence, and limiting effects of his subjective symptoms were not fully credible (AR 21); (4) plaintiff was unable to perform his past relevant work as a shuttle bus driver (AR 22); and (5) plaintiff was not disabled because, under the framework of Rule 202.07 ("Rule 202.07") of the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly referred to as "the Grids"), there are jobs that exist in significant numbers in the national economy that plaintiff would be able to perform, specifically car rental deliverer and mobile lounge driver (AR 22-23).

The Appeals Council denied plaintiff's application for review of the Pre-Remand Decision.  (AR 8).

### C.   District Court Remand Order

In a Memorandum Opinion and Order of Remand dated June 23, 2014 ("Remand Order"), this Court concluded that substantial evidence did not support the First ALJ's determination at step five that plaintiff was not disabled under the framework of Rule 202.07 of the Grids. (AR 418-27).  In light of the foregoing,

---

[1]More specifically, the First ALJ determined that plaintiff (i) could stand/walk for no more than two hours total in an eight-hour day, with no more than 30 minutes of walking at one time; (ii) could sit up to six hours in an eight-hour day; (iii) could do less than occasional climbing of ladders, ropes, or scaffolds; (iv) could do no more than occasional climbing of stairs/ramps; (v) could do no more than frequent right-sided handling, fingering, or feeling; and (vi) needed to avoid all exposure to pulmonary irritants (*i.e.*, fumes, odors, dusts, gasses) and poorly ventilated areas.  (AR 20).

the Court declined to adjudicate plaintiff's other challenges to the Pre-Remand Decision, and ordered that the Pre-Remand Decision be reversed "in part," and that the matter be remanded "for further administrative action consistent with [the Remand Order]." (Remand Order at 9-10 & n.7). The Appeals Council, in turn, vacated the Pre-Remand Decision and remanded the case "to an Administrative Law Judge for further proceedings consistent with the order of the [district] court." (AR 432).

### D.     Post-Remand Administrative Hearing and Decision

On remand, a new Administrative Law Judge ("Second ALJ") held a hearing on January 29, 2015 ("Post-Remand Hearing"), at which plaintiff did not appear and no testimony was taken, but plaintiff's attorney represented that plaintiff's mother had said that plaintiff had been in the Community Memorial Ventura Hospital for "about a week," and that plaintiff was currently "intubated" and in the intensive care unit. (AR 383). At counsel's request, the ALJ agreed to decide the case on the existing record without additional testimony from plaintiff. (AR 383-84).

On February 27, 2015, the Second ALJ denied plaintiff's applications for benefits. (AR 366-75). Specifically, the Second ALJ found: (1) plaintiff suffered from only one severe impairment, namely chronic obstructive pulmonary disease (AR 369); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 371); (3) plaintiff retained the residual functional capacity to perform the full range of medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)), except he needed to avoid exposure to respiratory irritants (AR 372); (4) plaintiff could not perform any past relevant work (AR 373); (5) plaintiff's allegations regarding the intensity, persistence, and limiting effects of his subjective symptoms were not entirely credible (AR 373); and (6) a finding of "not disabled" was appropriate under the framework of Rules 203.15 and 203.7 of the Grids (AR 373-74).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

> experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

(quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). A denial of benefits must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision. Robbins, 466 F.3d at 882 (a court may not substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") (citation omitted).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity. Id. (citation, quotation marks, and internal quotations marks omitted).

### C. Law of the Case and Rule of Mandate Doctrines in Social Security Cases

Two overlapping equitable doctrines govern the Court's decision in the instant case. First, the "law of the case" doctrine essentially requires, in part, that a decision on a legal issue reached by an appellate court "must be followed in all subsequent proceedings in the same case." See, e.g., United States v. Lewis, 611 F.3d 1172, 1179 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) (under law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case") (citation omitted). Pursuant to the rule of mandate – a "specific and more binding variant of the law of the case doctrine" – a lower court must implement "both the letter and the spirit" of an appellate court's mandate on remand, and may not vary or examine the mandate for any purpose "other [] than execution." Vizcaino v.

1  United States District Court for Western District of Washington, 173 F.3d 713,
2  719 (9th Cir.) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895))
3  (quotation marks and other citations omitted), as amended on denial of reh'g, 184
4  F.3d 1070 (9th Cir. 1999), cert. denied, 528 U.S. 1105 (2000); Ischay v. Barnhart,
5  383 F. Supp. 2d 1199, 1214 (C.D. Cal. 2005) (citing Quern v. Jordan, 440 U.S.
6  332, 347 n.18 (1979); Magnesystems, Inc. v. Nikken, Inc., 933 F. Supp. 944, 949
7  (C.D. Cal. 1996)).

      In the Social Security context, reversal pursuant to the foregoing doctrines is generally required when an ALJ's decision fails to comply with and/or is otherwise inconsistent with the "letter and spirit" of a district court's remand order.  See Sullivan v. Hudson, 490 U.S. 877, 886 (1989) (Where district court remands case for further proceedings due to ALJ error, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.") (citations omitted); Ischay, 383 F. Supp. 2d at 1216-17 ("doctrine of the law of the case and the rule of mandate apply to matters remanded to [Social Security Administration] for further proceedings"); see, e.g., Almarez v. Astrue, 2010 WL 3894646, *3-*11 (C.D. Cal. Sept. 30, 2010) (reversal warranted, in part, because ALJ failed to comply with mandate of district court's remand order) (citations omitted).  In addition, a district court's mandate in a Social Security remand is controlling as to all issues decided by the court either expressly or by "necessary implication[.]"  Ischay, 383 F. Supp. 2d at 1217 (quoting United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995)) (quotation marks and emphasis omitted); see also Magnesystems, Inc., 933 F. Supp. at 949 ("While the mandate [of a higher appellate court] is not controlling as to issues not 'within its compass,' it controls the resolution of issues 'decided either expressly or by necessary implication[.]'") (citing Quern, 440 U.S. at 347 n.18; Conway v. Chemical Leaman Tank Lines, 644 F.2d 1059, 1062 (5th Cir.

28  ///

1981)); Calderon v. Astrue, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2010) (law of the case doctrine "does not depend on an explicit determination").

It is an abuse of discretion to not reverse an ALJ's decision that violates a district court's remand order except in very rare circumstances where "1) the first [ALJ's] decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." Ischay, 383 F. Supp. 2d at 1219-20 (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)). Reversal is not required, however, if an ALJ's erroneous failure to comply with a remand order was harmless. Blanquet v. Astrue, 2011 WL 283184, *4 (C.D. Cal. Jan. 24, 2011) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Fuller v. Astrue, 2010 WL 4573547, at *6 (D. Ariz. Nov.5, 2010)).

## IV. DISCUSSION

Here, the case must again be remanded because the Post-Remand Decision, without explanation, failed to comply with the mandate of the Remand Order, and the Court cannot find that the error was harmless.

First, the Post-Remand Decision significantly deviated from the Remand Order. As the Second ALJ essentially acknowledged,[2] this Court reversed the Pre-Remand Decision and remanded the matter on very narrow grounds – *i.e.*, because substantial evidence did not support the First ALJ's non-disability determination at step five under the framework of Rule 202.07. (Remand Order at 6, 9-10 & n. 7). In sharp contrast, the Post-Remand Decision, among other things, appears to have (1) made a *de novo* assessment of plaintiff's claims at each step of the sequential evaluation process (AR 366-75); (2) made several findings that were

---

[2]The Post-Remand Decision stated that "[p]ursuant to the District Court remand order, the Appeals Council has directed the undersigned [Second ALJ] to further evaluate the transferability of [plaintiff's] work skills." (AR 366).

9

significantly different (and less favorable to plaintiff) than its predecessor (*i.e.*, finding only one severe impairment, rather than two (compare AR 18 with AR 369) and assessing plaintiff with a much less restrictive residual functional capacity than the First ALJ (compare AR 20 with AR 372)); (3) found plaintiff not disabled at step five under the framework of entirely different sections of the Grids than addressed in the Pre-Remand Decision and the Remand Order (compare AR 22-23 with AR 374; see also Remand Order at 6 [noting "Rule 202.07 of the Grids is in issue in this case."]); and (4) discounted plaintiff's credibility for an additional reason that was invalid.³ (AR 373). As a result, the Post-Remand Decision never addressed the First ALJ's error at step-five previously identified by this Court. (Remand Order at 9-10). Nothing in the Remand Order authorized the Second ALJ to revisit any of the final determinations made by the First ALJ at steps one through four, much less ignore the specific error which precipitated the Court's limited remand in the first instance.

The defendant essentially suggests that, to the extent the Post-Remand Decision deviated from the Remand Order, it did so in a manner that was permitted by Social Security regulations. (Defendant's Motion at 5) (citing, in

---

³The Second ALJ stated that plaintiff's credibility was "further damaged" because plaintiff did not appear at the Post-Remand Hearing. (AR 373). In light of the record as a whole, the foregoing statement was not a clear and convincing reason for discrediting plaintiff's testimony. See generally Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (ALJ may discount credibility of the claimant's subjective complaints only by "offering specific, clear and convincing reasons for doing so") (citation and internal quotation marks omitted); Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and internal quotation marks omitted). For example, although informed at the Post-Remand Hearing that plaintiff was absent essentially because he was on artificial life support in a hospital intensive care unit (AR 383), the Second ALJ apparently never questioned or attempted to verify the proffered explanation. See generally Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered). In addition, it appears that a post-remand hearing was, at most, optional for plaintiff (see AR 432 [Appeals Council ordering that "the Administrative Law Judge will offer the [plaintiff] the opportunity for a hearing. . . ."]).

part, 20 C.F.R. § 404.977 ("Section 404.977"); 20 C.F.R. § 404.983 ("Section 404.983")). As discussed above, however, the Court reversed the Pre-Remand Decision only "in part," and remanded the case so the Commissioner could address a single error – the lack of substantial evidence supporting the non-disability determination at step five in the Pre-Remand Decision. (Remand Order at 5-10 & 10 n.7). The Second ALJ was not, as defendant suggests (Defendant's Motion at 4-5), "free to re-assess" plaintiff's residual functional capacity. The Remand Order declined to adjudicate plaintiff's other challenges to the Pre-Remand Decision. (Remand Order at 10 n.7). The Social Security regulations cited by defendant do not authorize the Second ALJ's significant deviation from the Remand Order. As defendant correctly notes, Section 404.983 states that when a case is remanded by a federal court "[a]ny issues relating to [a] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [the] case." 20 C.F.R. § 404.983. That general statement, however, is circumscribed by the specific provision in the statute which requires that "the procedures explained in [Section 404.977] [] be followed" where, like here, the Appeals Council has chosen to order further remand of the case to an ALJ. See 20 C.F.R. § 404.983. Pursuant to Section 404.977, when a case is so remanded, the ALJ must "take any action that is ordered by the Appeals Council" and may only take "any additional action" that "is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). Here, the Appeals Council simply ordered the Second ALJ to conduct further proceedings that were *"consistent with"* the Remand Order, and permitted the ALJ to "take any further action needed to complete the administrative record and issue a new decision" if doing so was "[i]n compliance with" the Appeals Council's remand order. (AR 432).

Second, nothing in the record suggests that failure to comply with the Remand Order should be excused. Defendant has not shown that the First ALJ's

evaluation of plaintiff's claims at the first four steps of the sequential evaluation process was clearly erroneous. Nor has defendant identified an intervening change in the law or "other changed circumstances" that would justify departing from the law of the case/rule of mandate doctrines in this case. In addition, the Court cannot conclude that "substantially different"evidence was before the Second ALJ on remand. Only one exhibit was added to the record at the Post-Remand Hearing. (See Exhibit 14F [AR 489-668]). The particular treatment notes from that new exhibit which the Post-Remand Decision referenced mostly evidence matters that were either already considered by the First ALJ or are not material to any issue currently in dispute (collectively "Post-Remand Medical Evidence"). (AR 369-70) (citing Exhibit 14F at 3, 5, 6, 8, 9, 13, 38, 41, 57, 160-71, 172 [AR 490, 492-93, 495-96, 500, 525, 528, 544, 647-59]). More significantly, as the Second ALJ noted, the record does not contain an assessment by a medical professional of the functional limitations, if any, reflected by any findings in the Post-Remand Medical Evidence. (AR 370, 48–668). To the extent the less-favorable findings in the Post-Remand Decision were derived from the Second ALJ's own, lay interpretation of the raw medical data contained in the Post-Remand Medical Evidence, substantial evidence does not support any such findings. See, e.g., Penny, 2 F.3d at 958 ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) ("[A]s a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'") (citing Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)); see also Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician.") (citations and internal quotation marks omitted); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct.

15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted).

The Court also cannot conclude that a manifest injustice would result from remanding the case a second time to permit the Commissioner to implement the original mandate from the Remand Order. To the contrary, *not* doing so would unfairly permit the Second ALJ to revisit and revise multiple final legal determinations made by the First ALJ that plaintiff never challenged, while ignoring the one challenge to the Pre-Remand Decision which the Court expressly found to have merit. See, e.g., Ischay, 383 F. Supp. 2d at 1223 (remanding for immediate award of benefits where ALJ disregarded District Court's remand instructions and manipulated post-remand evidentiary process in order to "reshuffle the cards after the plaintiff was dealt a winning hand") (citations and quotation marks omitted); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (allowing Commissioner second chance to evaluate medical evidence and evaluate claimant's residual functional capacity "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication") (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner . . . should not have another opportunity to show that [plaintiff] is not credible any more than [plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted).

Finally, the Court cannot find that such errors were harmless. The Post-Remand Decision made multiple new findings that were less-favorable to plaintiff based on essentially the same evidence that was before the First ALJ and, in doing so, managed to completely avoid addressing the First ALJ's step five error which – as the Court previously suggested (Remand Order at 10 n.7) – could very possibly have been resolved in plaintiff's favor.

///

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is again remanded for further administrative action, specifically so that the Commissioner may comply with the narrow mandate in the Remand Order and, if appropriate, to award plaintiff benefits.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 10, 2016

                                                      /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE